**Joanne CALABRO, Plaintiff,**

v.

**Philip STONE, Defendant.**

**No. CV 2003–4522 CBA MDG.**

United States District Court,
E.D. New York.

Oct. 7, 2004.

John P. Bostany, The Bostany Law Firm, New York City, for Plaintiff.

John W. Kondulis, Bilello & Walisever, Westbury, NY, for Defendant.

*ORDER*

GO, United States Magistrate Judge.

John Bostany, counsel for plaintiff, has moved by letter application dated September 8, 2004 to compel PEGGY MORGAN and JOHN MORGAN (the "deponents") to comply with a subpoena requiring them to produce certain insurance policies. As set forth in this letter, deponents failed to appear on the date set forth in a subpoena served upon them.

■ Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed.R.Civ.P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. *See, e.g.,* Advisory Committee Notes, 1991 Amendment to Fed.R.Civ.P. 45; *Board of Governors of Federal Reserve System v. Pharaon,* 140 F.R.D. 634, 641–42 (S.D.N.Y.1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Fed. R.Civ.P. 45(e); *see also Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir.1991) Indeed, the judicial power to hold in contempt a non-party who has failed to obey a valid subpoena is the primary mechanism by which a court can enforce a subpoena. *See* Practice Commentary to Rule 45(e), 28 U.S.C. ¶ C45–26.

Having examined the two affidavits of service enclosed with Mr. Bostany's letter dated September 15, 2004, the Court finds that the subpoenas in question are valid and properly served upon the deponents. Thus, the deponents are required to comply with the subpoena absent a ground to quash or modify the subpoena. *See* Fed.R.Civ.P. 45(c)(3)(A).

■ Counsel for defendant argues that the insurance policies sought are not relevant. Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery of any matter, not privileged, that is relevant to the claim or defense of any party." The Rule broadly defines "relevance" to include information not admissible at trial which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.; see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (relevance under Rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). While counsel may be correct that the policies sought contain enforceable provisions excluding from their coverage the accident at issue here, plaintiff is not limited to counsel's say-so in making this determination. As the automatic disclosure requirements of Rule 26(a)(1)(D) make clear, plaintiffs are entitled to inspect "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment ..." Fed.R.Civ.P. 26(a)(1)(D). Deponents, as non-parties, are not subject to this requirement, but are obligated to provide such information if properly served with validly issued subpoenas.

■ Further, the Court rejects defendant's argument that the subpoenas are overly broad in temporal scope. The deponents' current insurance policies may be relevant to

**534**

the issue of whether recovery may be made from policies in effect at the time of the accident. Given that the accident occurred on July 27, 2003, requiring production of policies to the present is not onerous or unduly burdensome.

 However, this Court is also cognizant of the fact that the deponents are not parties to this litigation and of the possibility that the policies may not cover the accident here. Therefore, deponents are advised that they may mail copies of the policies to plaintiff's counsel. Plaintiff's counsel is required to maintain the confidentiality of the policies and may not use any information contained therein for any purpose other than this litigation.

### CONCLUSION

The deponents, PEGGY MORGAN and JOHN MORGAN. are hereby ORDERED to comply with the subpoena. They must send the insurance policies sought to the address set forth in the subpoena by October 29, 2004. **They are warned that if they fail to comply with this order, they could be subject to contempt proceedings for failure to respond to the subpoena and this order. If found to be in contempt of a subpoena or this order, they would be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs. If the failure to comply continues, the court could issue a warrant of arrest for failure to comply with a court order.**

**Plaintiffs are directed to serve a copy of this order by overnight mail upon the deponents and by regular mail upon defendant's counsel.**

**SO ORDERED.**